IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00007-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| KENNETH LEE McBRIDE, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Kenneth Lee McBride's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1), and the First Step Act of 2018. (Doc. No. 44). The Government opposes the motion. (Doc. No. 46). Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

I. BACKGROUND

From at least April 2018 until June 2018, Defendant conspired with others to distribute and to possess with intent to distribute 500 grams or more of methamphetamine in Caldwell County and Watauga County within the Western District of North Carolina. (Doc. No. 27, ¶ 6). On April 22, 2018, officers with the Lenoir Police Department saw Defendant exit a vehicle displaying a stolen registration plate. *Id.* at 5. Officers looked into the vehicle and saw in plain view baggies of a white substance consistent with drug trafficking. *Id.* After a K-9 alerted to the vehicle, officers searched it finding 2.5 grams of methamphetamine, heroin, a stolen firearm and Defendant's wallet containing his driver's license and Social Security card. *Id.* Three days later, law enforcement in Watauga County made a controlled purchase of 14 grams of methamphetamine from Defendant.

*Id.* On May 21, 2018, officers served a warrant on Defendant after he fled from his vehicle into a restaurant. *Id.* A subsequent search of the vehicle yielded 20 grams of methamphetamine. *Id.* A few days later, Defendant was stopped for speeding and fled on foot and the officers found two firearms, digital scales, and other drug paraphernalia in his vehicle. *Id.*

In early June 2018, a confidential informant (CI) told officers that Defendant's source of methamphetamine resided in Asheville and that he and the Defendant had gone to Asheville multiple times over the past 30 days and had purchased 112 grams or more each time. *Id.* On August 2, 2019, Defendant was sentenced to 108 months imprisonment followed by five years of supervised release. (Doc. No. 32, at 2, 3).

Defendant is a 37-year-old male serving his prison sentence at FCI Edgefield in South Carolina. His current projected release date is February 8, 2026. Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from diabetes, asthma, hypertension, epilepsy, mental health issues, and sleep apnea which place him at a greater risk of death from COVID-19 complications. (Doc. No. 44, at 2). The Government responded to Defendant's current motion on January 28, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 46).

## II.  LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.—**The Court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction
>>
>> . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*. Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III.  DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's motion for compassionate release was received by the warden on September 30, 2020 and denied by the warden on December 8, 2020. (Doc. No. 44, at 9, 10). The Government does not argue that Defendant's motion should be denied for failure to exhaust his administrative remedies. Because the Government did not raise the issue of exhaustion, the Court deems that it has waived the defense. Accordingly, the Court will proceed to address the merits of Defendant's motion.

*B. Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Defendant states that he suffers from diabetes, asthma, hypertension, epilepsy, mental health issues, and sleep apnea which place him at a greater risk of death from COVID-19 complications. (Doc. No. 44, at 2). The only condition that Defendant identifies that is on the Center for Disease Control and Prevention's list of conditions that increase a person's risk of suffering severe illness from COVID-19 is Type 2 diabetes.[1]

Although Defendant's diabetes could qualify as an extraordinary and compelling reason for granting compassionate release if it substantially diminished his ability to provide self-care against serious injury or death from COVID-19 within the environment of a correctional facility, it does not qualify as such in this instance. Defendant rejected the COVID-19 vaccine.[2] Despite Defendant's expressed concerns regarding his risk of exposure, his BOP medical records show that he was offered a vaccination for COVID-19 on January 13, 2021, but he refused the vaccination.[3] (Doc. No. 47, at 79, 99). Defendant's refusal to take preventative measures

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[2] According to the CDC website, BOP has administered 24,360 doses of the vaccine so far. *See* www.covid.cdc.gov/covid-data-tracker/#vaccinations (last accessed Jan. 26, 2021)
[3] Defendant also refused to receive a flu shot in November 2020. (Doc. No. 47, at 79, 103). He was chastised for showing up for medical treatment without wearing a mask. *Id.* at 40.

undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison. According to his medical records, Defendant's medical concerns are all being appropriately managed by the BOP. (Doc. No. 47). Accordingly, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

## IV. ORDER

For these reasons, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 44), is **DENIED**.

**SO ORDERED.**

Signed: February 1, 2021

Kenneth D. Bell
United States District Judge