IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-CR-00007-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| KENNETH MCBRIDE | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Kenneth Lee McBride's *pro se* motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 57). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In January 2019, Defendant pled guilty to conspiracy to distribute and possession with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm by a convicted felon. (Doc. No. 17). On August 2, 2019, he was sentenced to 108 months imprisonment plus 5 years of supervised release. (Doc. No. 32).

Defendant is a 40-year-old male serving his prison sentence at FCI Petersburg - Medium in Virginia. His current projected release date is July 5, 2025. Defendant bases his motion on firearm enhancements, false information, and medical issues.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions

to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
...
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a)

factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted) "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5).

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and

"provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Defendant's first two contentions are that the purported extra firearm enhancements and false information used in obtaining the warrant should qualify him for a sentence reduction. (Doc. No. 57 at 3-4). A motion for compassionate release is not the avenue to make collateral attacks on one's sentence and conviction. "Appellant cannot challenge the validity of his convictions and sentence through a compassionate release motion." *United States v. Ferguson*, 55 F4th 262, 265 (4th Cir. 2022).

Defendant also argues that his medical conditions of diabetes, high blood pressure, seizures, asthma, sleep apnea and mental health issues constitute an extraordinary and compelling reason warranting early release. (Doc. No. 57 at 5). Defendant fails to attach any Bureau of Prison (BOP) medical records to support his claims and therefore there is no extraordinary and compelling reason for a sentence reduction. Furthermore, the Court notes that its prior order denying Defendant's compassionate release in early 2021 found that his medical concerns were all being appropriately managed by the BOP (Doc. No. 49) and finds no reason to revisit the claim absent updated medical proof to the contrary.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 57), is **DENIED.**

**SO ORDERED.**

Signed: January 10, 2024

Kenneth D. Bell
United States District Judge